**UNITED STATES of America,**
**Plaintiff,**

v.

**Max E. SMITH, Defendant.**

**No. 5097.**

United States District Court
W. D. Michigan, S. D.
June 29, 1967.

Harold D. Beaton, U. S. Dist. Atty., Grand Rapids, Mich., for plaintiff.

Allaben, Massie, VanderWeyden & Timmer, Grand Rapids, Mich., for defendant, John J. Timmer, Grand Rapids, Mich., of counsel.

## ORDER ON OBJECTIONS TO REQUESTS OF PLAINTIFF FOR ADMISSIONS

FOX, District Judge.

Defendant objects to plaintiff's Requests for Admission No. 6 and 7, and claims that these Requests are improper because they call for legal conclusions.

Request 6 states:

"6. Each of the said mortgages referred to in Requests 4 and 5 hereof conveyed unto the plaintiff, the United States of America, all of the mortgagors' right, title and interest in and to the crops planted, growing, or to be planted or grown on the 'Hadder farm' as described in Request 3 hereof."

Request 7 states:

"7. Defendant, Max E. Smith, did not at any time have the permission of the United States of America, or any authorized agent thereof, to take possession of any of the crops of V. Dean Hadder and Shirley Jane Hadder covered by the mortgages of May 9, 1961 and August 4, 1961."

An excellent Law Review article which treats Requests for Admissions in depth and analyzes case law on the subject is found in 71 Yale L.J. 371 (1962) entitled, "The Request for Admissions in Federal Civil Procedure," Ted Finman. It is the author's contention that neither Moore's Federal Practice nor the Cyclopedia of Federal Procedure considers the problem, fully, accurately or scholarly. (71 Yale L.J. at 400–402.)

■ There is considerable controversy among commentators and courts as to what is "law" and what is "fact." Sometimes opinions of law can be beyond legitimate dispute, although contentions may be in the area of conclusions of law. If they are undisputed, they should be admitted. The spirit and purpose of the Rule is that all undisputed contentions are to be admitted to limit the issues before reaching the trial stage. However, these fact-law and fact-opinion distinctions do not discriminate between that which is disputed and that which is undisputed. (71 Yale L.J. at 412.)

■ If the validity of the contention propounded to defendant escapes him, let him admit the contention or state he is unable to honestly admit or deny it. (71 Yale L.J. at 414.) The draftsman of the Requests for Admission Rule did not include both words, "law" and "fact," (71 Yale L.J. at 415–6) and hence, they apparently attempted to avoid the problem.

Additionally, all propositions tend to have some facts in them. The court can properly consider the function of the distinction being made and decide the case accordingly. The objecting litigant's grounds for complaint can be adequately asserted by answering the Request in the form of a denial. (71 Yale L.J. at 417.)

Factually, there is another promissory note with a pledge of the Hadder crops as a security for that note. (Transcript 37, deposition of defendant, May 5, 1967.) Therefore, perhaps the defendant could deny the contention of Request No. 6, or state he honestly does not know.

The following is apropos to Requests calling for legal conclusions:

"Nor is the verification of a proposition based on legal assumptions necessarily a difficult task. The proper interpretation of a provision of foreign law, for example, might in some instances be well established and easily ascertainable. Whether a 'partnership' was created or terminated, whether a 'contract' was formed, the maximum rent under a rent control statute —the rules governing these and innumerable matters of 'law,' and the application of those rules in specific situations, can be obvious to the point of indisputability. That such questions often are debated hardly indicates that they never are clear. After all, even so controversial and disputable a question as 'negligence' sometimes is conceded voluntarily. If such voluntary concessions occur, surely litigants prodded by the sanctions available under the admissions procedure will find it possible to determine whether other factual and legal assumptions are valid.

"In many instances validity will be neither obvious nor easily determinable. This does not create an insurmountable problem, however. A litigant who disputes a proposition or is uncertain of its truth can answer with a denial or a statement that he is unable honestly to admit or deny. And, assuming good faith, there would be little danger that such answers would be held improper. No judge expects a litigant experimentally to test factual assumptions. Thus if the assumptions underlying an 'opinion' are verified neither by the litigant's own experience nor by sources he accepts as reliable, he should have no qualms about refusing to admit it. Likewise as to matters of 'law.' Judges will be quick to understand a party's doubts concerning a proposition based upon a particular construction or application of a legal principle. If a proposition is at all debatable, a litigant who honestly questions its validity and is reluctant to admit it need not be deterred by fear of sanctions.

"If the above conclusions are correct, requests should be held proper without asking whether the admission sought is a 'fact,' an 'opinion' or a matter of 'law.' The courts that have attempted to distinguish 'fact' from 'opinion' and 'law' have implicitly assumed that in using the word 'fact' the drafters of Rule 36 intended to distinguish propositions of 'fact' from 'opinions' and matters of 'law.' This assumption is doubtful. The drafters knew full well that the term 'fact' as used in pleading rules, and the attempt to distinguish 'facts' from other types of assertions, had caused constant and fruitless litigation. Consequently, the drafters deliberately omitted this word from the pleading rules they formulated. It is almost inconceivable that the drafters intended to inject into the admissions procedure the confusion they so scrupulously avoided elsewhere. A court would be on sound ground, therefore, in holding that Rule 36 does not call for an application of the fact-opinion and fact-law distinctions." (71 Yale L.J. at 414–6.)

In light of the foregoing, the defendant is directed to answer Requests for Admission No. 6 and 7.

It is so ordered.